687 P.2d 92

**MOUNTAIN STATES LEGAL FOUNDA-TION, on behalf of its New Mexico members, New Mexico Cattle Growers' Association, on behalf of its members, Petitioners,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION, Eric P. Serna, Jimmie W. Glenn and John A. Elliott, Commissioners, Respondents.**

**No. 15191.**

Supreme Court of New Mexico.

Sept. 11, 1984.

Campbell & Black, Bruce Black, Santa Fe, Casey Shpall, Kea Bardeen, Denver, Colo., for petitioners.

Paul Bardacke, Atty. Gen., Richard H. Levin, Sp. Asst. Atty. Gen., Albuquerque, Maureen A. Sanders, Gen. Counsel, Corporation Com'n, Michael Barlow, Asst. Atty. Gen., Santa Fe, for respondents.

## OPINION

.STOWERS, Justice.

Mountain States Legal Foundation (MSLF), on behalf of its New Mexico members and the New Mexico Cattle Growers Association, petitioned for removal of this case to this Court pursuant to N.M. Const. art. XI, Section 7 (Cum.Supp.1984). MSLF contends that an order of the New Mexico State Corporation Commission (Commission) exempting certain residents from telephone rate increases exceeds the Commission's constitutional authority. The Com-

mission ordered that participants in certain public assistance programs, who have attained the age of 62 years or older, are heads of households and have a telephone listed in their name, are exempt from telephone rate increases. We reverse the Commission.

The only issue we discuss is whether the Commission has the constitutional authority to establish the telephone discount rate program.

On August 20, 1982, under Docket No. 1002, Mountain States Telephone and Telegraph Company (Mountain Bell) applied to the Commission for approval to increase its rates and charges to provide additional revenues of approximately $76.6 million. After public hearings, the Commission on February 14, 1983 determined in its final order that Mountain Bell had a right to collect $29.985 million in additional revenues from its customers. However, the final order included a provision exempting certain residential telephone customers from rate increases. The Commission order provided that residential rates would be frozen for individuals 62 years of age or older who were participants in any one of the following programs administered by the Human Services Department of the State of New Mexico: (1) Aid to Families with Dependent Children; (2) Low Income Home Energy Assistance Program; (3) Supplemental Security Income; or (4) Food Stamps. The applicant also had to be head of his household and have a telephone in his own name.

The telephone discount rate program was established as a pilot program and was scheduled to run only until January 1, 1984. However, in a subsequent application for a rate increase of approximately $86.1 million filed by Mountain Bell under Docket No. 1032, the notice order issued by the Commission stated that it would be considering "socio-economic matters, e.g. elderly poor rate freeze." On December 16, 1983, the Commission issued its final order in Docket No. 1032, which contained a provision extending the telephone discount rate program until December 31, 1985. After a

request for rehearing was denied, MSLF requested the Commission to issue an order of removal to this Court. For purposes of this removal proceeding, Docket No. 1002 and Docket No. 1032 have been consolidated.

■ The standard for reviewing orders of the Commission in a removal proceeding is governed by N.M. Const. art. XI, Section 7 (Cum.Supp.1984). It provides that this Court shall decide such cases on their merits. *See also Mountain States Telephone & Telegraph Co. v. Corporation Commission*, 99 N.M. 1, 653 P.2d 501 (1982). The standard of review was stated in *General Telephone Co. of the Southwest v. Corporation Commission*, 98 N.M. 749, 753, 652 P.2d 1200, 1204 (1982):

> [W]e confirm the rule applicable in removal cases to be that under N.M. Const., Art. XI, § 7, this Court is not a ratemaking body and has no authority to determine what is a fair rate, but this Court will *weigh* the evidence to arrive at an independent determination as to whether the order entered by the SCC is just and reasonable * * *.

Therefore, this Court must make an independent judgment as to whether the various components of the Commission's order are just and reasonable.

■ The requirement that all rates set by the Commission be "just and reasonable" acts as a limitation upon the Commission's ratemaking authority. N.M. Const. art. XI, § 8; NMSA 1978, § 63–7–6. Under the Commission's telephone discount rate program, persons receiving similar service from the telephone company under substantially similar circumstances are being charged different rates. Establishing a telephone discount rate program which differentiates between economically needy individuals who receive the same service is unjustly discriminatory. *Cf. Mountain States Legal Foundation v. Public Utilities Commission*, 197 Colo. 56, 590 P.2d 495 (1979) (discount gas rate plan which differentiates between economically needy individuals is unjustly discriminatory).

■ Although the Commission has been granted broad rate making powers by the New Mexico Constitution, the power to effect social policy through preferential rate making is not permitted. To find otherwise would empower the Commission to create a special rate for any group it determined to be deserving. The Commission lacks the authority to effect social programs through its rate making process. *See Colorado Municipal League v. Public Utilities Commission*, 197 Colo. 106, 591 P.2d 577 (1979) (public utility commission lacks authority to effect social legislation by ordering that pay phone rates be reduced according to age and indigency classifications). Establishing social programs to aid the elderly and indigent or any other segment of our society is the proper function of the Legislature. *See, e.g.,* Utility Supplement Act, NMSA 1978, §§ 27–6–1 to –10 (Repl.Pamp.1984); Low Income Utility Assistance Act, NMSA 1978, §§ 27–6–11 to –16 (Repl.Pamp.1984). We therefore hold that the provisions of the rate orders in Docket No. 1002 and No. 1032 providing for the telephone discount rate program are invalid.

Having determined that the Commission lacks the authority to order the telephone discount rate program, we find it unnecessary to address whether the Commission failed to satisfy the procedural prerequisites for establishing the program.

We remand this case to the Commission with directions to amend its rate orders in a manner consistent with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.